IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,219-01






EX PARTE DAVID AARON DUNHAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-1130-07 IN THE 7TH DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
assault and sentenced to eight years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because trial counsel did not fully advise
him about the substance of his options other than pleading open to the trial court, about the effect
of pleading true to a deadly weapon allegation, and about Applicant's punishment options, including
possible alternatives to incarceration. Applicant also alleges that trial counsel did not discover or tell
him about the true extent of the victim's injuries and the victim's attitudes about the appropriate
punishment. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall order an affidavit or testimony from trial counsel responding to the
specific allegations made in the writ application. The trial court shall make findings of fact and
conclusions of law with regard to Applicant's claims that he received ineffective assistance of
counsel and that his plea was involuntary. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 28, 2009

Do not publish